UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

CHARLES MADY,

       Defendant.
_____/

Case No. 04-80408

DISTRICT JUDGE VICTORIA ROBERTS
MAGISTRATE JUDGE STEVEN D. PEPE

## PRETRIAL ORDER #1 ON DEFENDANT'S MOTIONS

Plaintiff's motions (Dkt. 45-58), as more fully described below, were referred pursuant to 28 U.S.C §636(B)(1)(A) for a hearing and determination on. After reviewing the briefs submitted by the parties and conducting a hearing IT IS ORDERED as follows:

(#45)  Motion For Use of Jury Questionnaire

The counsel shall meet and confer in order to devise a limited, supplemental jury questionnaire for submission to the jury array on the day of jury selection. If counsel cannot agree, the dispute will be submitted to the undersigned for resolution.

(#46)  Motion For Access to Jury Questionnaires.

The attorneys of record and/or their specified associate shall be permitted to inspect, but not copy, questionnaires as returned by the jurors enrolled on the current panel during the time period their case is scheduled for trial before the Court. The unavailability of

questionnaires shall not be a basis for a continuation of trial.

The information revealed to those persons shall not be imparted to any person or persons other than those engaged in the preparation for *voir dire* in the case that is scheduled for trial.

Although the person may make notes from questionnaires, such notes must not include jurors' addresses or telephone numbers.

(#47)  Motion to Compel Retention of All Investigating Agents' Rough Notes.

This motion was resolved prior to the hearing and is now moot.

(#48)  Motion to Produce Grand Jury Transcripts and Other Grand Jury Related Matters.

Defendant is entitled to discover information pertaining to the grand jury that does not involve "matter[s] occurring before a grand jury"  Defense counsel shall draft a proposed stipulated order allowing him access to the information he seeks for the government's and this Court's approval.

(#49)  Motion to Strike Prejudicial Surplusage.

Subject to possible further modifications related to other defense motions, Plaintiff shall amend the Second Superseding Indictment as follows:

Paragraph 19 shall be amended to read: "As a result of the fraudulent activities described above, Mady caused a total loss of over $8,000,000 to the investors."

Paragraph 27 shall be amended to read: "As of June 22, 2004, Mady, through his options trading, had lost all of the funds in Jim A.'s electronic account, causing a monetary loss

to Jim A. of approximately $1,500,000."

The disposition of Paragraphs 20, 21 and 25(B) shall be decided after the undersigned considers supplemental briefing by Defendant, and a possible reply by Plaintiff, regarding the issue of the admissibility in this criminal proceeding of the consent order from the Commodity Futures Trading Commission's (CFTC) civil case against Defendant, pursuant to the holding in *United States v. Logan*, 250 F.3d 350 (2001). Defendant shall submit his brief on or before July 22, 2005, and Plaintiff shall respond, if at all, on or before July 29, 2005.

Paragraph 22 shall be stricken.

Paragraph 25(C) shall be stricken.

Paragraph 31 shall be amended to read: "Mady mailed or caused to be mailed to many of his victim investors, fraudulent federal 1099 tax forms which falsely indicated that the investors had made a profit from their investments."

Paragraph 32 shall be amended to read: "By way of example of this aspect of the scheme, in approximately January 2002, Mady mailed or caused to be mailed a fraudulent federal 1099 tax form to victim investor Alan W., which falsely represented that Alan W. realized $76,845 in profit from his investment with Mady for the tax year 2001. In fact, all of Alan W.'s money that Mady put into his trading accounts was commingled with Mady's other victims investor money. It was therefore impossible to differentiate Alan W.'s purported investment in Mady's trading accounts from other pooled victim investor funds. Additionally, Mady's trading accounts, in which he pooled Alan W.'s and other victim investor funds, incurred net losses of approximately $2,500,000 for the year 2001."

(#51)  Motion to Sever Count Five.

The disposition of this motion shall be decided after supplemental briefing by the parties on the admissibility, under FRE 404(b), of evidence regarding Defendant's prior "bad acts," i.e. that which Defendant is accused of in Counts I-IV, in a trial on Count V.  Defendant shall submit his brief on or before July 22, 2005, and Plaintiff shall respond on or before July 29, 2005.

(#53)  Motion for Bill of Particulars.

Plaintiff shall provide a Bill of Particulars to Defendant on or before August 15, 2005, identifying each specific mailing(s) and e-mails or wire transfer(s) on which it will rely to support the charges against Defendant.

(#54)  Request and Notices in Compliance with Standing Order for Discovery and Inspection.

This motion was resolved prior to the hearing and is now moot.

(#55)  Motion for Disclosure of Relevant Documents/Statements of Individuals who are not Prospective Prosecution Witnesses
and
(#56)  Motion for Order Directing the Government to Produce Witness Statements Prior to Trial, or in the Alternative, for Appropriate Relief.

The parties agree that all relevant documentation must be and, with one possible exception, have been produced.  Plaintiff intends to call three witnesses from the CFTC office. Plaintiff has agreed to produce, for an in-camera review, CFTC inter-office memos relating to the CFTC's civil case against Defendant so that this Court may make a determination as to whether said memos need be produced to Defendant.

(#57)  Motion for Discovery, Additional Discovery.

This motion was resolved prior to the hearing and is now moot.

(#58)  Motion for Discovery of Records or Reports Relating to Facts or Data Underlying Expert Opinions or Any Expert Testimony to be Introduced at Trial.

This motion was resolved prior to the hearing and is now moot.

SO ORDERED.

Dated: July 15, 2005                                       s/Steven D. Pepe
Ann Arbor, Michigan                                        United States Magistrate Judge

Certificate of Service

I hereby certify that on July 15 , 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system, which will notification to the following: Julie Beck, Paul Burakoff, and Walter Piszczatowski.

                                                           s/William J. Barkholz
                                                           Courtroom Deputy Clerk