UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

CHARLES MADY,

       Defendant.
_____/

Case No. 04-80408

DISTRICT JUDGE VICTORIA ROBERTS
MAGISTRATE JUDGE STEVEN D. PEPE

## **MEMORANDUM OPINION AND ORDER**

       This matter was referred to the undersigned by Judge Roberts pursuant to 28 U.S.C §636(B)(1)(A) for a hearing and determination on Plaintiff's motions (Dkt. 51, 52), as more fully described below. A hearing was held on July 13, 2005, and supplemental briefs were submitted by the parties.

1.      (#52) Motion To Dismiss Second Superceding Indictment

       In this motion Defendant asks the Court to dismiss the Second Superceding Indictment on the grounds that charges contained therein were the product of an investigation that was tainted due to the participation of a specially appointed Assistant United States Attorney (SAUSA) that had served as the trial counsel for the Commodity Futures Trading Commission (CFTC) in which capacity he had negotiated a Consent Order with Defendant with regard to civil claims stemming from the same conduct which gave rise to Counts I-IV in this matter - a Consent Order which was eventually incorporated, in large part, into the Second Superceding Indictment. For the reasons that follow, IT IS ORDERED that the Second Superceding Indictment shall be re-issued and the findings of fact from the CFTC's Consent Order that were incorporated into the Second Superceding

Indictment shall be removed, i.e. Paragraph No. 21 of the Second Superceding Indictment.

IT IS FURTHER ORDERED that the undersigned shall be provided with a copy of the second grand jury transcript for an in-camera review to determine how the Consent Order was used in obtaining the superceding indictment and whether sufficient evidence outside of the "findings of fact" existed for the jury to return the indictment.

Defendant argues that the fact the CFTC counsel served as a SAUSA in this matter was a conflict of interest which renders the indictment against him impermissible. The case law cited by Defendant cautions against appointing special prosecutors that could use their special appointment to further their own agenda, their own agency's litigation, or to justify their previous investigations. Yet, there is no evidence that the CFTC/SAUSA in this case had an "axe to grind" and used his position as a SAUSA to further the CFTC's agenda against the Defendant. In fact, as Defendant points out, his efforts in assisting with the criminal prosecution likely undermined the CFTC Consent Order, because by assisting in the investigation that resulted in incarcerating Defendant the CFTC/SAUSA ensured that Defendant could not perform any of the bargained-for conditions of the Consent Order.

This case is not analogous to the facts in *United States v. Scrushy*, 366 F.Supp.2d 1134 (2005), which was cited by Defendant for support. In *Scrushy*, the U.S. Attorney contacted the S.E.C. Department of Enforcement two days before a scheduled deposition in a civil matter and requested that the location of the deposition be changed to their district, that the S.E.C.'s senior accountant be allowed to participate and question the witness so he could later provide the U.S. Attorney with accounting advice, and that the scope of the deposition be changed so as to suit their criminal investigation. *Id.* at 1136. Prior to his deposition being taken, Mr. Scrushy was not

informed of the existence of the criminal investigation nor, obviously, the S.E.C.'s cooperation with the U.S. Attorney. *Id.* The *Scrushy* court held that the government "departed from the proper administration of criminal justice in procuring the Defendant's deposition testimony.... ...when the U.S. Attorney's office called the S.E.C. office, gave the S.E.C. advice or "preferences" regarding the content of the deposition and its location, and recruited [the accountant] to participate...,"(*Id.* at 1137) and as a sanction, the court excluded the deposition transcript and all counts based on it (*Id.* at 1140).

In the present matter there is no evidence that the United States Attorney's office directed the terms of the settlement of the CFTC matter. Defendant alleges that it is sufficient to suggest a hint of impropriety in that the CFTC attorney responsible for negotiating the Consent Order was appointed as a SAUSA in the criminal investigation at the time he was negotiating the CFTC Consent Order. Yet, there is no evidence the he was appointed in this capacity for any reason other than to provide advice and guidance regarding the complicated financial and investing issues involved in this matter.

Furthermore it is persuasive that the first indictment, which was submitted to the grand jury during the time when the SAUSA was still serving in dual capacity, did not include language from the Consent Order. It was only the Second Superceding Indictment, which was submitted to the grand jury after the SAUSA had left government employment and no longer had direct involvement with the investigation, that incorporated the language from the Consent Order. This further supports the theory that it was the United States Attorney's office that was making the decisions in the criminal matter and not the SAUSA, who could have supplied the Consent Order for inclusion with the first indictment or, even more dubious, could have had the Consent Order drafted in such a way

3

as to have better assisted with the first indictment. Therefore, the Second Superceding Indictment will not be dismissed in its entirety due to the SAUSA's dual role.

Finally, the Defendant raised the issue of whether the inclusion of language from the Consent Order in the indictment was a violation of FED. R. EVID. 408, which protects offers to compromise from being offered as evidence. The Government cited *United States v. Logan*, 250 F.3d 350 (6th Cir. 2001), in their response brief, which held that Rule 408 was inapplicable in criminal proceedings. Despite a split Circuit, *Logan* is clearly the law in this Circuit. Yet, *Logan* does not specifically authorize that the "findings of fact" section of the Consent Order be reiterated verbatim in the indictment. Because the "findings of fact" section was in the Consent Order signed by the same district judge who will try this case, it is highly likely to be prejudicial to a jury. Because this portion was specifically exempted from admission or denial by defendant in Paragraph 6 of the Consent Order, it has little to no probative value as a party admission. Thus it should be stricken and these paragraphs should not be admitted at trial under FED. R. EVID. 403 as they are more prejudicial than probative. Therefore, the indictment shall be reissued without the "findings of fact," i.e. Paragraph No. 21 of the Second Superceding Indictment, to avoid their presentation to a jury.

The undersigned will review the transcript of the second grand jury proceeding to determine whether there was sufficient evidence for the jury to return the Second Superceding Indictment without the "findings of fact" in the Consent Order.

2.   (#51) Motion to Sever Count Five.

In this motion Defendant asked that Count V be severed and tried separately from Counts I-IV pursuant to Fed. R. Crim. P. 8(a) and 14(a). At the hearing on this motion Defendant explained that he may wish to withdraw this motion should the Court allow evidence regarding Counts I-IV

to be presented at the trial for Count V. The parties have submitted supplemental briefs on the issue of the admissibility of evidence regarding Counts I-IV in a trial on Count V under FED. R. EVID. 404(b).

For the reasons stated below, IT IS ORDERED that 404(b) evidence regarding Counts I-IV, if proven, may be introduced at a trial on Count V for the purposes of proving intent only, and with the understanding that a limiting instruction shall be given to the jury.

Before a district court may admit relevant evidence under Rule 404(b) it must scrutinize the proposed evidence under a three prong test: it must find that the prior bad acts occurred; that the evidence helps prove a material issue; and that the evidence passes the balancing test of Rule 403, i.e. that is more probative than prejudicial. *See United States v. Jobson*, 102 F.3d 214, 220 (6th Cir.1996).

Defendant has not challenged the 404(b) evidence under prong one, but has raised challenges under prong two and three, arguing that the 404(b) evidence at issue is not necessary to prove a material issue and is more prejudicial than probative. The Government responds that the 404(b) evidence is required to prove specific intent and is more probative than prejudicial.

       *1.     Relevant 404(b) Evidence*

A prerequisite to the admissibility of 404(b) evidence is its similarity of the prior criminal acts to those actually charged in the indictment. *U.S. v. Ailstock*, 546 F.2d 1285, 1289 (6th Cir. 1976). One of Defendant's main contentions is that the actions which make up Count V are too different from that which make up Counts I-IV to allow information regarding Counts I-IV to be used as 404(b) evidence in a trial on Count V. In Defendant's words "Counts I-IV of the Indictment charge, *inter alia*, that [Defendant], without being registered with the Commodities Futures Trading

5

Commission (CFTC), created a scheme to defraud individuals who invested money with him for the purpose of pooling their funds to trade in the commodities futures contracts (Indictment, ¶¶ 4-8). Count V charges [Defendant] with wire fraud based on his acts of option trading on the Standard and Poor (S&P) Index with funds from the trading account of his friend and neighbor...who allegedly permitted [Defendant] access to funds in his trading account on the basis of [Defendant's] alleged misrepresentations that he was a professional options trader and, unbelievably, used a trading strategy that made it impossible for him to lose money in his trades (Indictment, ¶¶ 23-24).

In *United States v. Benton,* the Sixth Circuit held that where, as here, "evidence of prior bad acts is admitted for the purpose of showing intent, the prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *United States v. Benton,* 852 F.2d 1456, 1467 (6th Cir.), *cert. denied,* 488 U.S. 993, 109 S.Ct. 555, 102 L.Ed.2d 582 (1988). The Government will limit its use of the 404(b) evidence to proving specific intent.[1] Defendant is alleged in both instances to have made misrepresentations of material fact for the purposes of convincing persons to allow him access to their funds. Therefore, because the wire fraud that Defendant is alleged to have perpetrated against his neighbor in Count IV is sufficiently analogous to the intentionally fraudulent activities alleged in Count I-IV, it meets the prerequisite for use as 404(b) evidence.

    *2.    Specific Intent*

A wire fraud conviction requires the government to establish: 1) the existence of a scheme

---

[1] The Government, in its supplemental brief, also talked about the possibility of using the 404(b) evidence to prove that Defendant knew that his actions were civilly and/or criminally actionable. Yet, because knowledge of possible prosecution is not an element of the crimes charged, i.e. it is not a material issue, 404(b) evidence would not be admissible to prove this contention. *See Jobson*, 102 F.3d at 220. Therefore, this argument was not addressed.

to defraud; 2) the use of wire communications to further the scheme; 3) the intent to deprive a victim of money or property; and 4) material deceit. *Neder v. United States*, 527 U.S. 1 (1999); *United States v. Horry*, 49 F.3d 1178, 1179-80 (6th Cir.1995); *see also* 18 U.S.C. § 1343.

In *United States v. Johnson*, 27 F.3d 1186 (6th Cir.1994) the Sixth Circuit determined that other 404(b) evidence was not admissible to prove intent unless 1) the defendant "places intent in issue," 2) "intent is not inferable from proof of the criminal act itself," *or* 3) specific intent is an element of the crime. *Id.* at 1191-92 (citation omitted).

Therefore, Defendant's argument that he will not raise lack of specific intent as a defense at trial and will instead rely upon the fact that he did not make the material misrepresentations that are attributed to him does not in itself shield him from the introduction of 404(b) evidence in a separate trial on Count V. *Id.* Because wire fraud is a specific intent crime, intent is an element of the crime and the Government may introduce 404(b) evidence for the purpose of proving intent, provided such evidence meets the third prong of the admissibility test, the 403 balancing test.

### 3. *Probative v. Prejudicial*

In determining whether 404(b) evidence meets the third prong of the admissibility test the undersigned considers: (1) whether the other act evidence is unduly prejudicial; (2) the availability of other means of proof; (3) when the other acts occurred; and (4) the availability of a limiting instruction. *See U.S. v. Myers*, 123 F.3d 350, 363-64 (6th Cir. 1997).

In the Advisory Committee Notes to FED. R. EVID. 403, it is explained that "[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403. No doubt the evidence of Counts I-IV will be prejudicial if introduced against Defendant in a trial on Count V. Yet, the

7

proper question is whether this evidence is unduly or unfairly prejudicial. In weighing the probative value and prejudicial nature of this evidence the scales tip in favor of the probative nature of the evidence. The evidence is highly probative of the events surrounding Defendant's decision to enter into the financial transaction(s) with his neighbor. While there is a possibility, as there always is with 404(b) evidence, that a jury will be tempted to consider this evidence for an improper purpose, this risk can be minimized with a limiting instruction. Indeed, a defendant is less likely to prevail on his claim that evidence of other bad acts unfairly prejudiced him where a limiting instruction given by a district court "correctly focused on intent." *See United States v. Myers*, 123 F.3d 350, 364 (6th Cir.1997). A limiting instruction is available in this matter to "clearly, simply, and correctly instruct [the jury] concerning the narrow and limited purpose for which the evidence may be considered" and, as such, ensure that it is utilized as intended. *Johnson,* 27 F.3d at 1193.[2]

Finally, in *Morganroth & Morganroth v. DeLorean*, the Sixth Circuit held that 404(b) evidence is especially probative when it relates to fraudulent intent, "which is not easily susceptible of proof." *Id.*, 123 F.3d 374, 379 (6th Cir.1997), *cert. denied*, 523 U.S. 1094 (1998). Indeed, with regards to specific intent crimes, "prior acts evidence may often be the only method of proving intent," which certainly seems to be the case here. *Johnson*, 27 F.3d at 1192 (citing *United States v. Ring*, 513 F.2d 1001 (6th Cir.1975)). And, while Defendant correctly points out that "prior conduct must be reasonably near in time under the facts of the particular case" to the current offense, *Ring*, 513 F.2d at 1005, the Sixth Circuit has held that:

---

[2]The prior 404(b) balancing analysis involved a situation which could not be cured by Judge Roberts effectively trying to convince a jury that they should not give undue weight to the critical finding of facts in the Consent Order the she earlier signed.

> There is no absolute maximum number of years that may separate a prior act and the offense charged. *See United States v. Rubio-Gonzalez*, 674 F.2d 1067, 1075 (5th Cir.1982) (ten-year old conviction admitted); *Foley*, 683 F.2d at 278 (eleven-year old conviction admitted under Rule 404(b)); *Engleman*, 648 F.2d at 479 (thirteen-year old conviction admitted).

*U.S. v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985). Two years had passed since Defendant ended the activity which comprises Counts I-IV before he allegedly started the activity which comprises Count V. This amount of time is not so long as to make the introduction of the Count I-IV activity in a trial on Count V non-probative, especially considering the allegation that Defendant ended the Count I-IV activity on or about May 2002, signed the CFTC Consent Order on November 6, 2003, and then approached his neighbor regarding the Count V activity during the period of March through June 2004. *See* Second Superceding Indictment.

Accordingly, IT IS SO ORDERED that:

(1) The Second Superceding Indictment shall be reissued without the "findings of fact" section from the CFTC Consent Order.

(2) The undersigned shall be provided with a transcript of second grand jury proceedings for an *in-camera* review to determine if the indictment was properly returned as described above.

(3) Evidence of Counts I-IV, if proven, would be admissible at a trial on Count V as Rule 404(b) evidence for the purposes of proving intent, with a limiting jury instruction.

Dated: September 20, 2005                     s/Steven D. Pepe
Ann Arbor, Michigan                           United States Magistrate Judge

<u>Certificate of Service</u>

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on September 20, 2005.

        <u>s/William Barkholz</u>
        Courtroom Deputy Clerk