UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CHARLES MADY,

        Defendant.
_____/

Case No. 04-80408

DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE STEVEN D. PEPE

**OPINION AND ORDER REGARDING
DEFENDANT'S MOTION FOR PRODUCTION OF JENCKS MATERIALS (DKT. # 56)**

**I.  Factual and Procedural Background**

On May 6, 2004, an indictment was returned for Defendant on four counts: Mail Fraud, Wire Fraud, Embezzlement of Commodity Pool Funds and Unregistered Commodity Pool Operator (Counts I-IV) (Dkt. #1).  A superceding indictment was returned on October 21, 2004 (Dkt. #17). On January 13, 2005, a second superceding indictment was returned which added counts, Counts V-X, for money laundering and another count of wire fraud (Dkt. #25).   In this motion Defendant seeks production of material under The Jencks Act, 18 U.S.C. § 3500.

In particular, Defendant seeks any statements made by government trial witnesses Clifford Histed, Ralph DerAsadourian, and Hugh Rooney, in their roles as counsel or otherwise for the Commodity Futures Trading Commission (CFTC), while they were involved in investigating Defendant and various of his companies and in preparation of various memoranda for the Division of Enforcement to the CFTC.

A statement related generally to the subject matter of the indictment need not be produced unless the statement relates to the events and activities testified to by the witness.  The Jencks Act

relates only to statements made or adopted by a government witness which are in the possession of the prosecutorial arm of the federal government. Statements in the possession of any federal investigative agency are considered to be in the possession of the prosecutorial arm of the federal government even when not in the possession of the United States Attorney's Office. *United States v. Moeckly,* 769 F.2d. 453 (8th Cir. 1985); *United States v. Rippy*, 606 F.2d 1150 (D.C. Cir. 1979).

**II. The CFTC Memoranda**

In the present case the Government has provided for an *in camera* inspection three memos from the Division of Enforcement to the CFTC related to the CFTC civil case against Defendant, Mady Funding Company, LLC., and Mady Futures, Inc., Civ. # 02-73294, in this Court. These documents are (1.) a ten page undated memorandum related to the initiation of Civ. # 02-73294, (2.) a January 8, 2003, and (3.) a October 16, 2003, memoranda. Histed, DerAsadourian, Rooney and two others, were designated as "Responsible Staff" on memo # 1; Histed and DerAsadourian, and two others were designated as "Responsible Staff" on memo # 2; and Histed, DerAsadourian, Rooney and four others were designated as "Responsible Staff" on memo # 3. A review of these memos reveals no exculpatory materials subject to another of Defendant's motions. Thus, the question is whether and to what extent any portion of these memos is *Jencks* material.

It is not yet clear exactly what the testimony of Messrs. Histed, DerAsadourian, and Rooney will be. Yet, it is clear that Ralph DerAsadourian is the CFTC investigator whose involvement led to his selection as a frequent and principle witness before the first grand jury on the original and first superceding indictment. It is also clear that Clifford Histed was the lead CFTC attorney involved during the CFTC investigation, the lead trial attorney for the CFTC in Civ. # 02-73294, and he became a Special Assistant United States Attorney in the present criminal case and he was present and on occasion acted as examining counsel in grand jury proceedings leading to the May 6, 2004,

and October 21, 2004, indictments.

Thus it is anticipated that Messrs. DerAsadourian and Histed will play significant roles in presenting evidence related to Counts I-IV. From a proffer by AUSA Burakoff at the October 31, 2005, follow up hearing on this and other motions, Mr. Rooney will play a less significant role and will testify to his hearing a party admission of defendant, and not other matters in the case.

Memos from the Division of Enforcement to the CFTC, while prepared by lower level personnel, likely have a screening and review process and possibly some editing from higher staff at the Division of Enforcement. Yet, in the present case, the factual portions of these three memos were likely prepared and/or carefully reviewed by Messrs. DerAsadourian and Histed. It serves no purpose at this time to undertake further discovery as to whether the factual portions of these three memos were created by either of these two individuals or reviewed by the other sufficiently to qualify as an adoptive admission.[1] It is highly likely that they were, and highly unlikely that any higher level reviewers from the Division of Enforcement would have edited or modified the factual portions of these memos because these reviewing individuals would have no basis of information regarding the underlying facts other than the data they received from Messrs. DerAsadourian and/or Histed. Thus, it is determined that the factual portions of these three memos are *Jencks* statements "related to the subject matter of the testimony of" Messrs. DerAsadourian and/or Histed.

These three witnesses will not be testifying to legal claims, case decisions or strategic consideration in Civ. # 02-73294. Thus, those portions of these three memos are not *Jencks*

---

[1] If any portion of the factual statements of these three memos is relevant during the cross-examination of either of these witnesses, and if the government counsel does not stipulate to the fact that they are *Jencks* material, the defense counsel can ask a few brief predicate questions to lay a foundation on whether the relevant portions of the memos were statements of fact written by or adopted by the witness.

3

statements. As noted above, a statement not related to the events and activities testified to by the witness is not *Jencks* material merely because it generally related to the subject matter of the indictment. While it may be that the factual statements of these witnesses in these documents are available to defense counsel elsewhere in the disclosures, this has not been proffered to be the case by the Government, nor has it been determined from the materials available to the Court, and thus these materials cannot be determined to be exempt from disclosure under *Jencks* as being cumulative and redundant of other materials available to defense counsel.

Thus, IT IS ORDERED that on or before seven calendar days prior to the commencement of trial the government shall produce to defense counsel the following:

(1.) Section III. at pages 4-7 of the undated ten page memorandum;

(2.) Section I. A. at page 2 of the January 8, 2003, memoranda, with the exception of the final paragraph and footnote 1 on page 3, and Section I B. of that memo;

(3.) Section III A.-E. at pages 4-7 of the October 16, 2003, memoranda with the exception of the third sentence of Section III. A. on page 4 and footnote 3 related to legal opinions and not facts.

### III. The Correspondence with the AUSA

After a review of the multiple correspondence from Clifford Histed to AUSA Burakoff, it is determined that the following are *Jencks* materials and IT IS ORDERED that on or before seven calendar days prior to the commencement of trial the government shall produce to defense counsel the redacted version of the materials and identified documents *to the extent such was not earlier made available to the Defendant*.

A redacted version of the May 27, 2003, memo is being provided to AUSA Burakoff for review. The documents attached to the October 10, 2003, memo. The accompanying memo,

4

including Mr. Histed's characterizations of these documents, need not be provided because the facts are in the documents and not the memo. A redacted version of the November 5, 2003, letter is being provided to AUSA Burakoff for review, and the attached spreadsheets (1-3) are to be provided to Defendant but not the July 29, 2003, attachment letter.

Mr. Histed made editorial notations on various portions of drafts of the indictment. These factual clarifications are redundant of the substantial other factual statements of Mr. Histed that are being provided under this order, or have already been provided to Defendant, thus these drafts need not be produced.

Redacted versions of the April 15 and 19, 2004, memos are being provided to AUSA Burakoff for review and they and their attachments are to be produced to Defendant.

Accordingly, for the reasons and to the extent noted above, Defendant's Motion To Produce Jencks materials (Dkt. # 56) is GRANTED IN PART.

The parties to this action may object to and seek review of this Opinion and Order but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

SO ORDERED.

Dated: November 22, 2005                    s/Steven D. Pepe
Ann Arbor, Michigan                         United States Magistrate Judge


Certificate of Service

I hereby certify that copies of this order were served upon the attorneys of record by electronic means or by U. S. Mail on November 22, 2005.

                                            s/William J. Barkholz
                                            Courtroom Deputy Clerk

5