UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

CHARLES MADY,

       Defendant.
_____/

Case No. 04-80408

DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE STEVEN D. PEPE

**OPINION AND ORDER
REGARDING GRAND JURY DISCLOSURES (DKT. # 48)**

On May 6, 2004, an indictment was returned for Defendant on four counts: Mail Fraud, Wire Fraud, Embezzlement of Commodity Pool Funds and Unregistered Commodity Pool Operator (Counts I-IV) (Dkt. #1).  A superceding indictment was returned on October 21, 2004 (Dkt. #17). On January 13, 2005, a second superceding indictment was returned which added counts, Counts V-X, for money laundering and another count of wire fraud (Dkt. #25).

In this motion (Dkt. # 48) Defendant seeks production of material from all grand juries that heard testimony related to his case, the number of grand juries that heard testimony and their identifying numbers, and all instructions, advice and or comments written or oral made within the hearing of the grand jury by any government attorney or other person related to the duties of the grand jurors as to the facts or law applicable in this case, any "filings, notices, or any documents filed in the Eastern District of Michigan pertaining to any grand juries that investigated this matter, or that are in any way related to matter numbers that were assigned to the instant investigation, including, but not limited to, any filings by the government pertaining to any grand juries or any

grand jury matter numbers that were assigned to the instant investigation."

In the various hearings, it was determined that certain grand jury materials protected by Fed. R. Crim. P. 6(e) would be provided to the Court for *in camera* review, and certain other materials were already provided to defense counsel, apparently as early *Jencks* disclosures.[1]

---

[1] Rule 6(e) provides in part (emphasis added):

(2) Secrecy.

    (A)  No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).

    (B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:

(i) a grand juror;

(ii) an interpreter;

(iii) a court reporter;

(iv) an operator of a recording device;

(v)  a person who transcribes recorded testimony;

(vi) an attorney for the government; or

(vii) a person to whom disclosure is made under Rule 6 (e)(3)(A)(ii) or (iii).
* * *

    (E) The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:

(i) preliminarily to or in connection with a judicial proceeding;

(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

(iii) at the request of the government if it shows that the matter may disclose a violation of state or Indian tribal criminal law, as long as the disclosure is to an appropriate state, state-subdivision, or Indian tribal official for the purpose of enforcing that law; or

(iv) at the request of the government if it shows that the matter may disclose a violation of military criminal law under the Uniform Code of Military Justice, as long as the disclosure is to an appropriate military official for the purpose of enforcing that law.

1. <u>Grand Jury Materials Reviewed by the Court and those available to Defense Counsel</u>

The undersigned has already undertaken an *in camera* review of transcripts of the second grand jury of January 13, 2005, and accompanying exhibits, to determine if there was any impermissible use of the November 2003 consent order of Judge Roberts, which would require that the Second Superceding Indictment be quashed. After that review, it was determined that there was not, and a September 23 Report and Recommendation was prepared and inadvertently not filed. At the October 31, 2005, followup hearing on the current motion involving matters not "occurring before the grand jury", defense counsel raised the issue of whether the government provided to the Court all portions of the January 13, 2005, grand jury proceedings for review regarding any inappropriate use of the November 2003 consent order. The attorney for the government stated he would check with the court reporter involved on January 13, 2005, to determine whether other matters were recorded and produce for this *in camera* review any additional grand jury proceedings not earlier provided to the undersigned.

At the October 31, 2005, follow up hearing it was also noted that defense counsel had the transcripts of the separate grand jury that returned the May 6, 2004, initial and October 21, 2004, first superceding indictment, and he could determine if any portions of the November 2003 consent order was presented to that earlier grand jury. Defense counsel was to review this and indicate if that was the case to determine if those transcripts need also be reviewed on this question of any inappropriate use of the November 2003 consent order before the grand jury.

As a result, the final determination and report and recommendation on this matter will await the government's and defense counsel's further response on this which is to be submitted on or before December 2, 2005.

2. <u>Motion #48 to Produce Grand Jury Transcripts and Other Grand Jury Related Matters.</u>

At the various hearings on this motion, it was determined that even if there were prior grand juries investigating Defendant, only the testimony transcripts from the grand jury that returned the May 6 and October 21, 2004, indictments was presented to the grand jury that returned the current January 13, 2005, second superceding indictment. Thus, if there were any earlier grand juries, even if they somehow were "tainted", that could not have affected the current grand jury. Thus, the only possibly relevant inquiry related to the two grand juries – the one that returned the May 6 and October 21, 2004, indictments and the one that returned the January 13, 2005, second superceding indictment.

At the initial hearing on this and other motions, the government did not oppose production of information pertaining to the grand jury that does not involve "matter[s] occurring before a grand jury." In an order of July 15, defense counsel was ordered to draft a proposed stipulated order on this subject to the government's and this Court's approval. When that draft order was submitted, the government would not approve it. Counsel for the government candidly acknowledged that this was a change of position, but his office was concerned about precedents granting access to matters related to grand juries, even if they are not subject to Rule 6(e) protections and safeguards.

At the October 31 hearing, while it was acknowledged that defense counsel was not required to demonstrate the higher particularized need showing required to obtain 6(e) material, a showing of some potential relevance was required. While somewhat opaque, counsel reiterated his concerns about the misuse of information before the second grand jury – including both the use of the consent order and their knowledge that a prior grand jury had indicted Defendant on Counts I-IV – as well as other concerns that could lead to a challenge to the indictment.

The former concerns are being addressed in the *in camera* review. Matters related to any

earlier grand juries are determined not to be potentially relevant to any challenge to the current indictment. While counsel wants a list of Rule 6(e) disclosures, these are likely to disclose facts concerning the government's investigation, they also might reveal "the nature, scope, or direction of the grand jury inquiry" and thus be "matters occurring before a grand jury" under the standards set in *In re Grand Jury Proceedings*, 851 F.2d 860 (6th Cir. 1988). These lists will not be ordered absent a more specific showing of potential relevance and a basis to determine whether a targeted *in camera* inspection could determine some potential relevance.

The other matter defense counsel seeks are the identifying grand jury numbers (which are disclosed on the grand jury transcripts on indictments), their terms and information related to them.

The general policies that underlie grand jury secrecy are:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crimes; (5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681, n. 6 (1958)**.**

None of those concerns, nor the special concerns related to disclosure to the government, [2]

---

[2] *United States v. Sells Engineering,* 463 U.S. 418, 432-33 (1983) and *United States v. John Doe, Inc. I,* 481 U.S. 102 (1987), identified three types of dangers involved in "disclosure of grand jury information to Government attorneys for use related to civil proceedings": (1.) Disclosure increases the risk of inadvertent or illegal further release of information to unauthorized persons and thus may threaten the willingness of witnesses to testify fully and candidly; (2.) A threat to the integrity of the grand jury process itself if there is a tendency for the government to abuse the grand jury process; and (3.) Possible subversion of the limits otherwise placed on the Government's investigative and discovery powers in the civil context.

are involved in disclosure of these matters not occurring before the grand jury.

Yet, the terms of either of these grand juries are not relevant beyond January 13, 2005, when the second superceding indictment was handed down. While the government attorney now indicates that he opposes any further disclosures related to the grand juries, no specific reasons or concerns were stated. He noted a desire to get a determination on this in order to object. Accordingly, it is determined that Defendant and his counsel should be provided by the Clerk the identifying numbers of the two grand juries returning the May 6 and October 21, 2004, indictments and the January 13, 2005, second superceding indictment, the respective dates their terms commenced, whether their terms extended through January 13, 2005, and whether at least 16 qualified jurors were present, and at least 12 voted to return each of the respective indictments on May 6, 2004, October 21, 2004, and January 13, 2005.

The jury clerk involved with grand jurors indicates that no such disclosures may be made except upon order of the Chief Judge of this Court. Before this opinion is presented to the Chief Judge, if that is necessary, the parties should have their opportunity to object to this memorandum opinion and order to the district judge assigned to this case. Accordingly, the parties to this action may object to and seek review of this Opinion and Order but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

If no objections are made, a copy of this opinion shall be presented to the Chief Judge for his further action.

SO ORDERED.

Dated: November 22, 2005          s/Steven D. Pepe
Ann Arbor, Michigan               United States Magistrate Judge

<u>Certificate of Service</u>

I hereby certify that copies of this order were served upon the attorneys of record by electronic means or by U. S. Mail on November 22, 2005.

<u>s/William J. Barkholz</u>
Courtroom Deputy Clerk