UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**        **CASE NUMBER: 04-80408**
                                      **HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-1 CHARLES G. MADY,**

        **Defendant(s).**
_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR JUDICIAL DISQUALIFICATION**

Defendant Charles G. Mady requests that this Court, in the person of the Honorable Victoria A. Roberts, recuse itself pursuant to 28 U.S.C. §455(a). Defendant asserts that the Court's prior association with a relative of one of the victims of the crimes for which he pled guilty and awaits sentence creates the appearance of impropriety. For the reasons set forth below, the Court **DENIES** Defendant's motion.

The Court was an associate, and later a partner, at the Goodman, Eden, Millender & Bedrosian ("Goodman Eden") law firm, from 1988 until the firm dissolved in 1998. The late Ernest Goodman was the co-founder and a partner at Goodman Eden until he retired in 1977. After his retirement and until his death in 1997, the firm provided him with an office for his personal use and he maintained an informal relationship with the firm.

Richard Goodman, who is the largest "investor" injured as a result of Defendant's commodities trading scheme, is Ernest Goodman's son. And, although Defendant does

1

not mention it, Richard Goodman is also the brother of William Goodman, who was a partner at Goodman Eden when the Court began working there and until he resigned in 1997. Defendant contends that the Court's mere association with Ernest Goodman creates the appearance of bias against him. The Court disagrees.

The Court never had a social or working relationship with Richard Goodman. He was a partner at Goodman Eden but resigned from the firm in 1977. The Court has not socialized with Richard Goodman.

The Court had a working and social relationship with Ernest Goodman. The Court developed a friendship with Ernest Goodman while working at Goodman Eden and worked with him (on his private cases) on a limited number of occasions. The Court's working relationship with William Goodman ended when he resigned in 1997. The Court maintains a social relationship with him, but it is infrequent since he now lives and works primarily in the State of New York.

The Court never had any discussions or other exchange of information with either Ernest or William Goodman on any facet of this matter or Richard Goodman's part in it. Therefore, the Court finds that its association with Ernest and William Goodman do not warrant recusal.

Under 28 U.S.C. §455, a judge must recuse herself from a case whenever "a reasonable, objective person knowing all of the circumstances, would . . . question[] the judge's impartiality."[1] *Hughes v United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). A

---

[1] Section 455 states in relevant part:
   **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.


judge's associations prior to taking the bench are seldom sufficient, without more, to require recusal. *See Easley v University of Michigan Board of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988). And, a judge's friendships or other social relationships do not require recusal if there are no facts which support a reasonable inference of lack of impartiality with regard to the issues presented in the lawsuit. *See Baker v City of Detroit*, 458 F.Supp. 374, 377 (E.D. Mich. 1978)(denying motion for recusal because of Court's friendship with Mayor of City of Detroit).

Here, Defendant bases his motion solely upon the Court's tenuous connection to Richard Goodman. This is not a reasonable basis for questioning the Court's

---

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

**(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   to be a material witness in the proceeding.

28 U.S.C. §455(a)-(b).

impartiality.

The Court never had a social or working relationship with Richard Goodman. Ernest Goodman passed away nine years ago, and the Court's working relationship with him was very limited. The Court's working relationship with William Goodman ended nine years ago, and the Court's current social relationship with him is infrequent. The Court never had any discussions or exchange of information with Ernest or William Goodman about Richard Goodman (or Defendant) relative to any of the issues in this lawsuit. Finally, Defendant does not allege actual bias or conflict, and the Court denies that any exists.

For these reasons, the Court is satisfied that it has presided, and can continue to preside, over this matter in an impartial manner. There is no reasonable, objective basis for a finding to the contrary. Therefore, Defendant's request that the Court recuse itself is **DENIED**.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 22, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 22, 2006.

s/Linda Vertriest
Deputy Clerk

4